## STATE OF CONNECTICUT *v.* JOSE LARACUENTE
### (AC 18091)

Lavery, Landau and Hennessy, Js.[1]

Argued December 14, 1999—officially released March 28, 2000

*Del Atwell,* special public defender, for the appellant (defendant).

*Margaret Gaffney Radionovas,* assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Cara Eschuk,* assistant state's attorney, for the appellee (state).

*Opinion*

LANDAU, J. The defendant, Jose Laracuente, appeals from the judgment of conviction, rendered after a jury

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

trial, of three counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2)[2] and three counts of risk of injury to a child in violation of General Statutes § 53-21.[3] On appeal, the defendant claims that (1) the prosecutor engaged in misconduct that violated the defendant's constitutional right to a fair trial, (2) the trial court improperly instructed the jury on reasonable doubt, (3) the state failed to present sufficient evidence that the defendant sexually assaulted the victim and (4) he was denied effective assistance of counsel.[4] We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On January 8, 1996, the defendant was living in an apartment with a woman and her two children, one of whom was the eight year old victim. Sometime after 3 a.m. on that date, when the defendant normally left for work, the victim's mother noticed that the victim was awake and assumed that she had had a nightmare. She later found the victim curled up in a ball on her bed. She was very quiet and behaving in a fashion that the mother considered to be unusual. Although the vic-

---

[2] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

[3] General Statutes § 53-21 provides in relevant part: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child, or (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of a class C felony."

[4] The defendant also claimed, in his brief, that the sentence imposed by the trial court was harsh and excessive. This claim, however, was withdrawn during argument.

tim initially denied that anything was wrong when asked by her mother, she eventually informed her mother that the defendant had "touched her [privates]." The victim also told her mother that the defendant had been abusing her for some time.

The victim's mother called the police to her home, and the victim recounted her allegation of sexual abuse to them. The victim was then taken to a hospital, where a physician found her vaginal area to be red, which was consistent with the victim's claim that the defendant had inserted his fingers into her vagina. The victim was later interviewed by a therapist, Linda Foster of the Child Guidance Clinic, and by Captain Kathy Wilson of the Waterbury police department.

The defendant was charged with three counts of sexual assault in the first degree and three counts of risk of injury to a child. A jury found the defendant guilty on all six counts and this appeal followed. Other facts will be discussed where relevant to issues in this case.

I

The defendant first claims that he was denied a fair trial due to prosecutorial misconduct. Specifically, he claims that the state's attorney improperly (1) commented on a prior sexual assault case against the defendant that had been nolled and dismissed, (2) mentioned that the defendant had violated a civil order of protection, which resulted in an increase in his bail bond, and (3) injected her personal opinions into final argument. We decline to review this claim.

The defendant failed to object to the prosecutor's comments at trial. " 'It is well established that generally this court will not review claims that were not properly preserved in the trial court. . . . A defendant may prevail on a claim of constitutional error not preserved at trial, however, if the defendant satisfies the four part standard set forth in *State* v. *Golding*, [213 Conn. 233,

239–40, 567 A.2d 823 (1989)].'" *State* v. *Barnett*, 53 Conn. App. 581, 598, 734 A.2d 991, cert. denied, 250 Conn. 918, 736 A.2d 659 (1999). The defendant also failed to request that we review the claimed error pursuant to *Golding*. "In the absence of such a request, we have, in the past, declined to review a defendant's claim under similar circumstances." (Internal quotation marks omitted.) Id. The fact that the defendant has argued that this claim is one of constitutional magnitude does not, alone, satisfy the requirements of *Golding*. The defendant's failure to address the four prongs of *Golding* amounts to an inadequate briefing of the issue and results in the unpreserved claim being deemed abandoned. See id.; *State* v. *Rodriguez*, 44 Conn. App. 818, 823, 692 A.2d 846, cert. denied, 242 Conn. 902, 697 A.2d 363 (1997). We therefore decline to review this claim.[5]

II

The defendant claims next that the trial court improperly instructed the jury on reasonable doubt. He claims that the trial court diluted the reasonable doubt standard when it instructed the jury that a reasonable doubt is "a doubt which has its foundation in the evidence or lack of evidence." We reject the defendant's claim.

The defendant takes issue with the instruction as given because, according to him, a reasonable doubt need not be *founded* in the evidence or lack of evidence but must be *consistent* with the evidence or lack of

---

[5] The defendant asked, in the alternative, that we invoke our supervisory authority over the administration of justice and order a new trial based on the prosecutor's comments about the prior sexual assault case that had been nolled and dismissed. There has not been a showing by the defendant of deliberate prosecutorial misconduct or other egregious or unduly offensive behavior. We therefore decline to exercise our supervisory authority to order a new trial. See *State* v. *Rogers*, 50 Conn. App. 467, 479, 718 A.2d 985, cert. denied, 247 Conn. 942, 723 A.2d 319 (1998).

evidence. The defendant relies on *State* v. *Gallivan*, 75 Conn. 326, 53 A. 731 (1902), for his assertion that the trial court's instruction was an improper statement of the law. In *State* v. *Ryan*, 53 Conn. App. 606, 611–13, 733 A.2d 273 (1999), where the instructional language at issue was identical or substantially similar to that in this case, we concluded that reliance on *Gallivan* was misplaced. Id., 613. The language in *Gallivan* is different from the challenged language in this case. See id.

The defendant's claim is unpreserved, and he has failed to request review pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40. We decline to review this claim because of the absence of a *Golding* analysis.

### III

In his third claim, the defendant asserts that the state presented insufficient evidence to prove that the defendant, in fact, sexually assaulted the victim. We disagree.

"In accordance with well established principles, appellate analysis of a claim of insufficiency of the evidence requires us to undertake a twofold task. We first review the evidence presented at the trial, construing it in the light most favorable to sustaining the jury's verdict. We then determine whether, upon the facts thus established and the inferences reasonably drawn therefrom, the jury could reasonably have concluded that the cumulative effect of the evidence established guilt beyond a reasonable doubt . . . . In this process of review, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct." (Internal quotation marks omitted.) *State* v. *Payne*, 40 Conn. App. 1, 14–15, 669 A.2d 582 (1995), aff'd, 240 Conn. 766, 695 A.2d 525 (1997).

The defendant points to the fact that the initial interview of the victim, done by the social worker, Foster,

was not videotaped. According to the defendant, "[w]ithout a videotape, the state may not have sufficiently proven that it was [the defendant] who engaged in intercourse with [the victim]." Additionally, the defendant claims that Foster's testimony, which was "derived solely from what she was told by [the mother], a police officer and a confused, susceptible child," was insufficient to prove the defendant's guilt beyond a reasonable doubt.

In this case, the victim testified as to the circumstances of the defendant's actions. Initially, the victim attempted to describe verbally the defendant's acts. When she hesitated, the state proffered a statement written by the victim in which she recounted an event that had occurred when she lived with her mother, brother and the defendant at their previous address. The statement, which was admitted as a full exhibit, was written in response to a request by the prosecution for her to write down what she remembered.[6] She also testified concerning an incident that had occurred when the defendant was watching television and asked her to lie down beside him. While on the couch and under the cover of a blanket, the defendant touched her "private area."[7] Additionally, she testified about the abuse that occurred on the night prior to her disclosure to her mother. The defendant had come into her bedroom and touched her in her "private area."

Whether the victim was a "confused, susceptible child" was within the jury's province to determine. "We

---

[6] The unedited statement provided the following: "I remeber when we where living on baldwen street, that night he crawled in to bed with me and started to touch me. Then after he was done he told me don't tell ok this is our SECRET.

"And I agreed cause I didn't want him to hurt me. After he told me it's our SECRET he crawled back into my mom's bed like nothing happened. That is all I remeber."

[7] The victim placed a mark on the vaginal area of a drawing of a little girl, which the court admitted as a full exhibit, indicating that to be her private area.

do not sit as the [seventh] juror who may cast a vote against the verdict based upon our feeling that some doubt of guilt is shown by the cold printed record. We have not had the jury's opportunity to observe the conduct, demeanor, and attitude of the witnesses and to gauge their credibility." *State* v. *Stepney*, 191 Conn. 233, 255, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984). We conclude that the cumulative effect of the evidence was sufficient to allow the jury to find beyond a reasonable doubt that the defendant did, in fact, sexually assault the victim.

## IV

In his final claim, the defendant asserts that he was denied effective assistance of counsel. The defendant claims that he was denied effective assistance of counsel when his counsel (1) failed to file any pretrial motions, (2) failed to call an alibi witness, (3) failed to move for a mistrial where "constitutionally offending comments" were made by the prosecutor and (4) failed to file any posttrial motions. The proper forum in which to raise this issue is by petition for habeas corpus.

"We have long held that the proper forum in which to address claims of ineffective representation of counsel is in the habeas forum or in a petition for a new trial, rather than on direct appeal. See *State* v. *Leecan*, 198 Conn. 517, 541, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986)." *State* v. *Jones*, 46 Conn. App. 640, 660, 700 A.2d 710, cert. denied, 243 Conn. 941, 704 A.2d 797 (1997). "As our Supreme Court has stated, an ineffective assistance claim should be resolved, not in piecemeal fashion, but as a totality after an evidentiary hearing in the trial court where the attorney whose conduct is in question may have an opportunity to testify." (Internal quotation marks omitted.) Id., 661. We conclude, in accordance with prece-

dent, that this issue must be resolved in a habeas corpus proceeding.

The judgment is affirmed.

In this opinion the other judges concurred.