STATE OF CONNECTICUT *v.* GARRICK TURNER
(AC 21020)

Lavery, C. J., and Dranginis and Dupont, Js.

Submitted on briefs September 17, 2001—officially released January 29, 2002

*Carlton L. Hume* and *John A. Henneberger* filed a brief for the appellant (defendant).

*Jonathan C. Benedict,* state's attorney, *Michele C. Lukban,* assistant state's attorney, and *Joseph Harry,*

senior assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

DRANGINIS, J. The defendant, Garrick Turner, appeals from the trial court's judgment of conviction, rendered following his guilty plea, of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1)[1] and risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (1).[2] On appeal, the defendant claims that he was denied due process of law by ineffective assistance of counsel because his trial attorney did not inform him of his right to enter a conditional plea of nolo contendere so that he could appeal from the denial of his motion to suppress.[3] We agree with the defendant and reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On March 8, 1998, the defendant went to the Bridgeport police station. His father had received a telephone call the day before from Mark McDaniel, a sergeant, requesting to speak to the defendant. The defendant was eighteen years old, had no prior criminal history and had been living in the United States for only two years. The defendant resided with

---

[1] General Statutes § 53a-71 (a) provides in relevant part: "A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such person . . . ."

[2] General Statutes (Rev. to 1997) § 53-21 provides in relevant part: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered . . . or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child . . . shall be guilty of a class C felony."

[3] The defendant did not appear at oral argument in this court and is deemed to have waived it. At the state's request, the case was considered on the papers.

his father, who, along with the defendant's aunt, accompanied him to the police station.

At the station, McDaniel questioned the defendant alone. The interrogation lasted about thirty to forty minutes, three to four minutes of which were recorded. McDaniel asked the defendant if he had engaged in sexual intercourse with the victim and when that had occurred. The defendant responded that he had engaged in sexual intercourse with the victim two times in March, 1998, when the victim was fifteen years old. The defendant was subsequently charged with sexual assault in the second degree and risk of injury to a child.

Before entering his guilty plea, the defendant filed a motion to suppress his statement to the police, and an evidentiary hearing followed. The defendant's counsel called the defendant as his only witness. The defendant claimed that his statement to the police was inadmissible because he had been interrogated at the police station, under circumstances from which it could be inferred that he was in custody, without having been notified of his rights under *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

At the hearing, McDaniel admitted that he did not read the defendant *Miranda* warnings because the defendant was neither under arrest nor in custody. He testified that he told the defendant several times during the interrogation that he was free to leave and that he was not under arrest. McDaniel further testified that he did not threaten the defendant or pressure him into making his statement. The court concluded that the defendant failed to sustain his burden of proving that he was in custody at the time of the interview and therefore denied the motion to suppress. Thereafter, the defendant pleaded guilty to the charges of sexual assault in the second degree and risk of injury to a child.

On June 14, 2000, prior to sentencing, the defendant filed a motion to vacate and to withdraw his guilty plea on the ground that his trial counsel was ineffective in failing to inform him that by pleading guilty, he was waiving his right to appeal from the court's denial of his motion to suppress. See Practice Book § 39-27 (4). The defendant requested the withdrawal of his plea so that he could enter a new plea of nolo contendere in accordance with General Statutes § 54-94a[4] and thereby preserve his right to appeal from the denial of his motion to suppress. The court denied the motion to withdraw on the ground that the defendant had not demonstrated ineffective assistance of counsel. The court sentenced the defendant to a total term of incarceration of ten years, execution suspended after nine months, and ten years conditional probation in accordance with the state's recommended sentence offered pursuant to its plea agreement with the defendant. The defendant's appeal followed.

On appeal, the defendant claims that the court improperly denied his motion to vacate in that his guilty plea was involuntarily and unknowingly entered because he had received ineffective assistance of counsel. He cites counsel's failure to inform him of his statutory right to plead nolo contendere and thereby preserve his right to appeal from the denial of his motion to suppress, in violation of his rights as guaranteed under the sixth and fourteenth amendments to the United States constitution. We agree and reverse the judgment of the trial court.

---

[1] General Statutes § 54-94a provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to suppress statements and evidence based on the involuntariness of a statement or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. . . ."

"We have long held that the proper forum in which to address claims of ineffective representation of counsel is in the habeas forum or in a petition for a new trial, rather than on direct appeal." (Internal quotation marks omitted.) *State* v. *Laracuente*, 57 Conn. App. 91, 97, 749 A.2d 34, cert. denied, 253 Conn. 923, 754 A.2d 798 (2000), quoting *State* v. *Jones*, 46 Conn. App. 640, 660, 700 A.2d 710, cert. denied, 243 Conn. 941, 704 A.2d 797 (1997). "As our Supreme Court has stated, an ineffective assistance claim should be resolved, not in piecemeal fashion, but as a totality after an evidentiary hearing in the trial court . . . ." (Internal quotation marks omitted.) *State* v. *Laracuente*, supra, 97.

"Section 39-27 of the Practice Book . . . provides an exception [permitting a direct appeal] when ineffective assistance of counsel results in a guilty plea. A defendant must satisfy two requirements . . . to prevail on a claim that his guilty plea resulted from ineffective assistance of counsel. . . . First, he must prove that the assistance was not within the range of competence displayed by lawyers with ordinary training and skill in criminal law . . . . Second, there must exist such an interrelationship between the ineffective assistance of counsel and the guilty plea that it can be said that the plea was not voluntary and intelligent because of the ineffective assistance." (Internal quotation marks omitted.) *State* v. *Gray*, 63 Conn. App. 151, 161–62, 772 A.2d 747, cert. denied, 256 Conn. 934, 776 A.2d 1151 (2001).

In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court adopted a two part standard for evaluating claims of ineffective assistance of counsel pursuant to which a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the defense. See *Copas* v.

*Commissioner of Correction*, 234 Conn. 139, 154, 662 A.2d 718 (1995); see also *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *Daniel* v. *Commissioner of Correction*, 57 Conn. App. 651, 664–65, 751 A.2d 398, cert. denied, 254 Conn. 918, 759 A.2d 1024 (2000). To prevail, a defendant must satisfy both prongs of the *Strickland* test. *Quintana* v. *Commissioner of Correction*, 55 Conn. App. 426, 445, 739 A.2d 701, cert. denied, 252 Conn. 904, 743 A.2d 614 (1999). The court determined that the defendant had failed to meet his burden of satisfying either prong of the *Strickland* test.

After the trial court's ruling here, our Supreme Court decided *Ghant* v. *Commissioner of Correction*, 255 Conn. 1, 761 A.2d 740 (2000), and, while not directly on point, it is instructive.[5] In *Ghant*, our Supreme Court reversed a habeas court's decision that counsel's representation was ineffective because of counsel's failure to inform the petitioner that he had a right to appeal from the judgment of conviction for murder after entering his guilty plea pursuant to the *Alford*[6] doctrine. Id., 2–3. The *Ghant* court cited *Roe* v. *Flores-Ortega*, 528 U.S. 470, 480, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), in which the United States Supreme Court rejected a per se rule and concluded that a constitutionally imposed duty to consult with a defendant regarding an appeal exists if either (1) "a rational defendant would want to appeal (for example, because there are nonfriv-

[5] There is a vast difference between the facts of *Ghant*, which involved a claim pursuant to a writ of habeas corpus that the plea canvass prior to trial was defective, and the facts of this case, which concerns a claim that the defendant should have been permitted to withdraw his plea of guilty to allow him to appeal from the denial of his motion to suppress his confession.

[6] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "A defendant who pleads guilty under the *Alford* doctrine does not admit guilt, but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." *Henry* v. *Commissioner of Correction*, 60 Conn. App. 313, 315 n.1, 759 A.2d 118 (2000).

olous grounds for appeal), or (2) . . . this particular defendant reasonably demonstrated to counsel that he was interested in appealing." (Internal quotation marks omitted.) *Ghant* v. *Commissioner of Correction*, supra, 9. The *Ghant* court determined that the petitioner failed to show that there were nonfrivolous grounds for appeal from his conviction and, therefore, that counsel had no reason to think that a rational defendant would have wanted to appeal. Id., 16–17.

The state argues on appeal that, pursuant to *Ghant*, the failure to inform the defendant of his right to appeal does not amount to ineffective assistance of counsel because the appeal would have been wholly frivolous. We do not agree. Here, the defendant was entitled to be notified of his statutory right to plead nolo contendere and to appeal from the denial of his motion to suppress under the facts of this case. This is so because it is possible that he might have prevailed on his claim that his *Miranda* rights were violated because he believed he was in custody due to his inexperience with the criminal system. Without the confession, a finding of guilty after a jury trial would have been problematic, and, therefore, under the analysis set forth in *Ghant*, the defendant had nonfrivolous grounds for an appeal. His options, under the facts of this case, were severely limited because he was not informed of his statutory right to plead nolo contendere and to appeal from the denial of the motion to suppress. His ability to articulate a desire to appeal was hampered by counsel's failure to inform. Under these circumstances, counsel's failure to inform him was unreasonable. Furthermore, when the defendant consulted new counsel and was informed of the statutory right, he made a timely motion to withdraw the guilty plea, from which it can be inferred that he was expressing an affirmative desire to appeal once he had been properly informed.

A criminal defendant waives three constitutional rights when he pleads guilty: The privilege against compulsory self-incrimination; the right to a jury trial; and the right to confront his accusers. *Boykin* v. *Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Section 54-94a provides the means whereby a defendant can preserve his right to appeal. "Such a significant protection of liberty as a right to appeal made available to all persons convicted of crimes, must be viewed as fundamental, although its basis is statutory rather than constitutional." *D'Amico* v. *Manson*, 193 Conn. 144, 147, 476 A.2d 543 (1984).

Due process requires that a plea be entered voluntarily and intelligently. *Boykin* v. *Alabama*, supra, 395 U.S. 243 n.5; *Oppel* v. *Lopes*, 200 Conn. 553, 556, 512 A.2d 888 (1986); *State* v. *Lopez*, 197 Conn. 337, 341, 497 A.2d 390 (1985). "Because every valid guilty plea must be demonstrably voluntary, knowing and intelligent, we require the record to disclose an act that represents a knowing choice among available alternative courses of action, an understanding of the law in relation to the facts, and sufficient awareness of the relevant circumstances and likely consequences of the plea." *State* v. *Watson*, 198 Conn. 598, 604, 504 A.2d 497 (1986). "A determination as to whether a plea has been knowingly and voluntarily entered entails an examination of all of the relevant circumstances." *State* v. *Wright*, 207 Conn. 276, 287, 542 A.2d 299 (1988).

In this case, due to the ineffective assistance of counsel, the defendant was not told of his statutory right to plead nolo contendere and was prejudiced by the entry of a guilty plea, which extinguished his right to appeal. The defendant did not understand that a guilty plea, unlike a nolo plea, would waive his right to appeal from the decision on the motion to suppress. The defendant's plea cannot be considered knowing or intelligent in that sense. We therefore conclude that the court abused its

discretion in denying the defendant's motion to vacate his guilty plea.

The judgment is reversed and the case is remanded with direction to vacate the guilty plea, to accept the defendant's plea of nolo contendere pursuant to § 54-94a and to render judgment thereon.

In this opinion the other judges concurred.