## STATE OF CONNECTICUT *v.* DAVID P.[1]
### (AC 20907)

Spear, Mihalakos and Hennessy, Js.

Argued February 14—officially released June 18, 2002

[1] Thus entitled to protect the identity of the victims and in keeping with the spirit of General Statutes § 54-86e.

*Dawne Westbrook*, with whom, on the brief, was *William S. Palmieri*, for the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *John M. Waddock*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

MIHALAKOS, J. The defendant, David P., appeals from the judgments of conviction, rendered after a jury trial, of five counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2),[2] one count of sexual assault in the third degree in violation

---

[2] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

of General Statutes § 53a-72a (a) (1)[3] and five counts of risk of injury to a child in violation of General Statutes § 53-21.[4] On appeal, the defendant claims that the court improperly (1) consolidated three separate cases against him, (2) prevented him from presenting a defense, (3) restricted his right to cross-examine witnesses and (4) allowed the prosecutor to engage in prosecutorial misconduct. We affirm the judgments of the trial court.

The defendant was charged in three separate informations in connection with incidents involving three separate victims. In the first information, the defendant was charged with two counts of sexual assault in the first degree and two counts of risk of injury to a child involv-

---

[3] General Statutes § 53a-72a (a) provides in relevant part: "A person is guilty of sexual assault in the third degree when such person (1) compels another person to submit to sexual contact (A) by the use of force against such other person or a third person, or (B) by the threat of use of force against such other person or against a third person, which reasonably causes such other person to fear physical injury to himself or herself or a third person . . . ."

[4] The charges against the defendant were based on actions taken by him between 1991 and 1997.

General Statutes (Rev. to 1991) § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

Currently, General Statutes § 53-21 (a) provides in relevant part: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child, or (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of a class C felony."

ing A.[5] In the second information, the defendant was charged with three counts of sexual assault in the first degree and two counts of risk of injury to a child involving B. In the third information, the defendant was charged with one count of sexual assault in the third degree and one count of risk of injury to a child involving C. The court granted the state's motion to consolidate the charges against the defendant.[6] On March 30, 2000, the jury returned verdicts of guilty on all counts. Thereafter, the court sentenced the defendant to a total effective term of ninety years incarceration.

The jury reasonably could have found the following facts. The defendant lived with all three victims at the time of the assaults. The defendant assaulted the first victim, A, on two occasions while she was in the fourth grade. Both times, the defendant called the victim at her grandparents' residence and asked that she come home alone. The first time, he called the victim to his bedroom and told her to get on the bed. After instructing the victim to remove her clothing, the defendant began touching her. He then put his finger into her vagina and made her touch his penis. The second time, the defendant once again called the victim at her grandparents' home. Once she arrived, the defendant called her to his bedroom, but this time there was a pornographic video displayed on the television. He told the victim to get undressed and get on the bed. The defendant again told the victim to touch his penis, and he placed his finger into her vagina.

The defendant began assaulting the second victim, B, while she was also in the fourth grade. In the beginning, the defendant touched the victim's breasts and

[5] A was born in 1982. B was born in 1984 and C was born in 1988.

[6] It is not clear from the record before us whether the defendant objected to the state's motion for consolidation or if he filed a motion for severance. Because the defendant's first trial resulted in a mistrial on September 30, 1998, the record from that proceeding is not before us.

kissed her on the lips while she was still dressed. After the victim started the fifth grade, the defendant began having sexual intercourse with her in his bedroom, sometimes placing Vaseline on his penis beforehand. The assaults continued while the victim attended the sixth grade. On one occasion, the defendant forced the victim to perform oral sex.

The defendant assaulted his third victim, C, while she attended the second and third grades. During the assaults, the defendant touched her when he placed his hand under the victim's shirt and down her pants. That also occurred in the defendant's bedroom. Additional facts will be set forth where they are relevant to the issues on appeal.

I

The defendant first claims that the court improperly granted the state's motion to consolidate the three informations. Specifically, he argues that because the cases against him were similar factually but unrelated legally, joinder was inappropriate. We disagree.

A trial court is authorized by statute and rule to order a joint trial of charges against the same defendant. See General Statutes § 54-57;[7] Practice Book § 41-19.[8] Furthermore, our courts generally favor joinder of cases because it "expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice both time and money to serve upon juries, and avoids the necessity of recalling witnesses who would

[7] General Statutes § 54-57 provides: "Whenever two or more cases are pending at the same time against the same party in the same court for offenses of the same character, counts for such offenses may be joined in one information unless the court orders otherwise."

[8] Practice Book § 41-19 provides: "The judicial authority may, upon its own motion or the motion of any party, order that two or more informations, whether against the same defendant or different defendants, be tried together."

otherwise be called upon to testify only once." (Internal quotation marks omitted.) *State* v. *Walsh*, 52 Conn. App. 708, 712, 728 A.2d 15, cert. denied, 249 Conn. 911, 733 A.2d 233 (1999). In Connecticut, there is a presumption in favor of consolidation of appropriate cases. See *State* v. *Chance*, 236 Conn. 31, 38, 671 A.2d 323 (1996).

"The grant or denial of a motion for severance rests in the sound discretion of the trial judge." (Internal quotation marks omitted.) Id. "The trial court has discretion to determine whether separate cases involving the same defendant should be consolidated . . . and the exercise of that discretion may not be disturbed on appeal unless it has been manifestly abused. . . . To demonstrate that the trial court abused its discretion, the defendant bears the heavy burden of convincing this court that the joinder resulted in substantial injustice." (Citations omitted.) *State* v. *Walsh*, supra, 52 Conn. App. 711–12. "Whether a joint trial will be substantially prejudicial to the defendant's rights means something more than that it will be less advantageous to [him]." (Internal quotation marks omitted.) Id.

Our Supreme Court has set forth a multifaceted approach for our courts to apply when considering whether to consolidate multiple cases against the same defendant. "[S]everance may be necessary to prevent undue prejudice resulting from the consolidation of two or more charges for trial when: (1) the cases do not involve discrete, easily distinguishable factual scenarios; (2) one or more of the counts alleges brutal or shocking conduct by the accused; or (3) the trial is one of long duration or very complex." *State* v. *Chance*, supra, 236 Conn. 42; see also *State* v. *Boscarino*, 204 Conn. 714, 722–24, 529 A.2d 1260 (1987); *State* v. *Stevenson*, 43 Conn. App. 680, 686, 686 A.2d 500 (1996), cert. denied, 240 Conn. 920, 692 A.2d 817 (1997). "If any or all of these factors are present, a reviewing court must decide whether the trial court's jury instructions cured

any prejudice that might have occurred from improper joinder." *State* v. *Walsh*, supra, 52 Conn. App. 712. Because none of those factors is present here, the court did not abuse its discretion by consolidating the three cases against the defendant.

First, the factual predicate to each case is distinct. Although the assaults on each victim occurred in the defendant's bedroom, they each contained easily distinguishable factual scenarios. The first victim was assaulted only twice and was subjected to a pornographic video. The second victim was assaulted over the course of two years. She usually was clothed during the early assaults, but at some point the defendant ordered her to undress and assaulted her vaginally and orally. The third victim was clothed during the assaults at all times. Furthermore, the state presented its case-in-chief in an orderly manner that enabled the jury to consider the evidence related to each charge separately. See *State* v. *Pollitt*, 205 Conn. 61, 68, 530 A.2d 155 (1987) (no abuse of discretion in denying severance if state's orderly presentation of evidence has prevented confusion of jury and has enabled jury to consider evidence relevant to each charge separately and distinctly); *State* v. *Walsh*, supra, 52 Conn. App. 712–13 (same); *State* v. *Stevenson*, supra, 43 Conn. App. 688 (same).

Next, the defendant was not prejudiced by the joinder of a shocking and brutal case. In his brief, the defendant contends that the "sexual assaults alleged in each case unarguably confronted the jury with 'brutal and shocking conduct.'" Although we may agree that sexual assault against young women and girls is appalling, the assaults against all three victims involved a similar degree of physical force and similar threats. "Sexual assault cases should be severed only where one of the sexual assault crimes with which the defendant is charged is so brutal and shocking when compared with the other[s], that a jury, even with proper instructions,

could not treat them separately." (Internal quotation marks omitted.) *State* v. *Walsh,* supra, 52 Conn. App. 714; see also *State* v. *Stevenson,* supra, 43 Conn. App. 691 (when all cases sought to be consolidated are brutal and shocking, they may be joined properly if consolidation does not cause high risk of one case being tainted by the unusually shocking or brutal nature of others, especially if evidence as to each would have been cross admissible had cases been tried separately).

Finally, the trial was not overly complex or exceptionally long. It lasted only six days, including argument and jury instructions, and involved only thirteen witnesses. See *State* v. *Walsh,* supra, 52 Conn. App. 713 (six day trial involving two victims not exceptionally long or complex); *State* v. *Stevenson,* supra, 43 Conn. App. 689 (six day trial involving two incidents not unnecessarily long or complex); compare *State* v. *Boscarino,* supra, 204 Conn. 723–24 (ten week trial involving fifty-five witnesses, four victims unduly long, complex).

We are mindful that when incidents are factually similar, there is an inherent danger that a jury might use evidence of one crime to find a defendant guilty of the others. See *State* v. *Boscarino,* supra, 204 Conn. 722; *State* v. *Stevenson,* supra, 43 Conn. App. 688. There was no such danger in the present cases, however, because the evidence of each assault would likely be admissible in the companion cases as evidence of prior misconduct that is relevant to show a pattern of criminal activity. See, e.g., *State* v. *Walsh,* supra, 52 Conn. App. 713 (evidence of sexual assault involving penetration and evidence of second assault not involving penetration cross admissible); *State* v. *Pollitt,* supra, 205 Conn. 69 (evidence of attempted sexual assault and evidence of sexual assault cross admissible.) Indeed, "[e]vidence tending to prove prior criminal conduct which is relevant and material to an element of the crime, identity, malice, motive, or which shows a pattern of criminal

activity is admissible if the trial court determines, in the exercise of its sound discretion, that its probative value outweighs its prejudicial impact." (Internal quotation marks omitted.) *State* v. *Walsh*, supra, 713. Therefore, "[w]here evidence of one incident *can* be admitted at the trial of the other, separate trials would provide the defendant no significant benefit." (Emphasis in original.) *State* v. *Pollitt*, supra, 68.

Because each of the cases against the defendant involved discrete, easily distinguishable factual scenarios, the defendant used a similar amount of force in each of the assaults and the trial was neither long nor complex, consolidation of the cases did not result in substantial injustice, and the trial court did not abuse its discretion in joining the three cases.[9] Furthermore, the court instructed the jury, both before the trial commenced and during its charge, that it was to consider the evidence presented for each case separately.[10]

---

[9] The defendant incorrectly relies on *State* v. *Boscarino*, supra, 204 Conn. 722–25, in support of his argument that the court improperly joined the three cases against him. Our discussion of the *Boscarino* factors, however, leads us to conclude that consolidation was not improper.

[10] The court instructed the jury in relevant part: "There are three separate cases which were tried together during this trial. In each case, there is a different complainant; in each case, there is a separate information in which the state charges the defendant with committing the crimes stated in each count of that information.

"In the information in which [C] is the complainant, the state charged the defendant with committing the crime of sexual assault in the third degree once and the crime of risk of injury to a minor once.

"In the information in which [B] is the complainant, the state charges the defendant with committing the crime of sexual assault in the first degree three times and the crime of risk of injury to a minor twice.

"In the information in which [A] is the complainant, the state charges the defendant with committing the crime of sexual assault in the first degree twice and the crime of risk of injury to a minor twice.

\* \* \*

"The jury must consider each information separately and each count in each information separately. The jury's verdict on any count of any information does not control the jury's verdict on any other count of that information or any other information.

Therefore, even if the defendant had suffered some degree of prejudice, it was cured by the court's instructions.

## II

The defendant next argues that the court unconstitutionally prevented him from presenting a defense. Specifically, he claims that the court improperly precluded testimony that was admitted in his previous trial, which ended in a mistrial.[11] We are not persuaded.

As a preliminary matter, we set forth our well established standard of review. "[T]he trial court's discretionary determination that the probative value of evidence is not outweighed by its prejudicial effect will not be disturbed on appeal unless a clear abuse of discretion is shown. . . . [B]ecause of the difficulties inherent in this balancing process . . . every reasonable presumption should be given in favor of the trial court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citation omitted; internal quotation marks omitted.) *State* v. *Bush,* 249 Conn. 423, 430, 735 A.2d 778 (1999).

"Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . [E]vidence need not exclude all other possibilities [to be relevant]; it is sufficient if it tends to support the conclusion [for which it is offered], even to a slight degree." (Internal quotation marks omitted.) *State* v.

---

"In reaching a verdict on a count of an information, the jury must consider only the evidence that is relevant to that count."

[11] The defendant frames his argument as a question of constitutional magnitude. He did not, however, argue at trial that he was deprived of a constitutional right, but merely that the testimony offered was relevant. He also neglected to request our review pursuant to *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine. See Practice Book § 60-5. We therefore address the defendant's claim in the same form that it was presented to the trial court.

*Johnson,* 67 Conn. App. 299, 305–306, 786 A.2d 1269 (2001), cert. denied, 259 Conn. 918, 791 A.2d 566 (2002). "It is not logical relevance alone, however, that secures the admission of evidence. Logically relevant evidence must also be legally relevant . . . that is, not subject to exclusion for any one of the following prejudicial effects: (1) where the facts offered may unduly arouse the jury's emotions, hostility or sympathy, (2) *where the proof and answering evidence it provokes may create a side issue that will unduly distract the jury from the main issues,* (3) where the evidence offered and the counterproof will consume an undue amount of time, and (4) where the defendant, having no reasonable ground to anticipate the evidence, is unfairly surprised and unprepared to meet it." (Citation omitted; emphasis added; internal quotation marks omitted.) *State* v. *Joly,* 219 Conn. 234, 260–61, 593 A.2d 96 (1991).

The following facts and procedural history are relevant to our resolution of the defendant's claim. In the defendant's first trial, two of the victim's friends and an investigator for the department of children and families testified regarding B. The two friends each admitted that they maliciously had made a false complaint to a department investigator against the defendant, claiming that he had sexually abused B. In addition, B admitted that her friends had threatened to make a false report. During the trial underlying this appeal, the defendant proffered testimony regarding the false report. In one instance, the defendant attempted to cross-examine B regarding the report. The defendant claimed that the testimony was relevant as to her state of mind, intent, motive and the disclosure itself. The court precluded the testimony because it was not relevant.

The defendant argues before this court that his " 'significant interest' in presenting witnesses and evidence to establish a defense was totally abridged . . . ." The proof of the alleged false complaint would have created

a side issue that unduly distracted the jury from the main issues of the case. The issue in this case was not whether or why the two friends made the malicious complaint, but rather, whether the defendant assaulted the victims. Testimony regarding a false complaint initiated by a third party would have no bearing on the victim's state of mind. Furthermore, the testimony regarding the third party complaint would not have aided the trier of fact in determining whether the allegations of the victims were true or false. Accordingly, the court did not abuse its discretion by precluding testimony regarding the complaint initiated by B's friends.

## III

The defendant next claims that the court unconstitutionally restricted his right of cross-examination. The defendant, however, fails to express exactly how the court restricted his right to cross-examination. He simply cites to various parts of the trial transcript and offers no citation or discussion of any authority to explain how his right to cross-examination was curtailed. See *State* v. *Whipper*, 258 Conn. 229, 272 n.20, 780 A.2d 53 (2001). "We are not required to review issues that have been improperly presented to this court through an inadequate brief." (Internal quotation marks omitted.) *In re Shane P.*, 58 Conn. App. 234, 243, 753 A.2d 409 (2000). We therefore decline to review the claim.

## IV

The defendant's final claim is that the prosecutor engaged in misconduct during his summation and rebuttal argument to the jury. Specifically, he claims that the prosecutor improperly vouched for the credibility of the state's witnesses, and otherwise expressed his personal opinions about the evidence, commented on facts not in evidence and appealed to the emotions of the jury.

As a preliminary matter, we decline to review the defendant's arguments that the prosecutor improperly expressed his opinion as to the credibility of the witnesses and commented on facts not in evidence. The defendant did not properly preserve those claims by objecting to the prosecutor's comments either when the comments were made or at the close of arguments.

"It is well established that generally this court will not review claims that were not properly preserved in the trial court. . . . A defendant may prevail on a claim of constitutional error not preserved at trial, however, if the defendant satisfies the four part standard set forth in *State* v. *Golding*, [213 Conn. 233, 239–40, 567 A.2d 823 (1989)]." (Internal quotation marks omitted.) *State* v. *Laracuente*, 57 Conn. App. 91, 93–94, 749 A.2d 34, cert. denied, 253 Conn. 923, 754 A.2d 798 (2000); see also Practice Book § 60-5. The defendant, however, does not seek review of his claim pursuant to *Golding* or the plain error doctrine. See Practice Book § 60-5. "In the absence of such a request, we have, in the past, declined to review a defendant's claim under similar circumstances. . . . The defendant's failure to address the four prongs of *Golding* amounts to an inadequate briefing of the issue and results in the unpreserved claim being deemed abandoned." (Citation omitted; internal quotation marks omitted.) *State* v. *Laracuente*, supra, 94. Accordingly, we decline to review those unpreserved claims.

We now address the defendant's properly preserved claim. The defendant's only preserved claim of prosecutorial misconduct involves whether the prosecutor improperly appealed to the emotions of the jury. We conclude that he did not.

"[P]rosecutorial misconduct can occur in the course of closing argument. . . . When presenting closing arguments, as in all facets of a criminal trial, the prose-

cutor, as a representative of the state, has a duty of fairness that exceeds that of other advocates." (Citations omitted; internal quotation marks omitted.) *State* v. *Copas*, 252 Conn. 318, 336, 746 A.2d 761 (2000). "Nevertheless, [i]n addressing the jury, [c]ounsel must be allowed a generous latitude in argument, as the limits of legitimate argument and fair comment cannot be determined precisely by rule and line, and something must be allowed for the zeal of counsel in the heat of argument. . . . Thus, the privilege of counsel in addressing the jury should not be too closely narrowed or unduly hampered. . . . Ultimately, therefore, the proper scope of closing argument lies within the sound discretion of the trial court." (Citations omitted; internal quotation marks omitted.) Id., 337.

"A prosecutor may not appeal to the emotions, passions and prejudices of the jurors. . . . When the prosecutor appeals to emotions, he invites the jury to decide the case, not according to a rational appraisal of the evidence, but on the basis of powerful and irrelevant factors which are likely to skew that appraisal. . . . Therefore, a prosecutor may argue the state's case forcefully, [but] such argument must be fair and based upon the facts in evidence and the reasonable inferences to be drawn therefrom." (Citations omitted; internal quotation marks omitted.) *State* v. *Singh*, 259 Conn. 693, 719, 793 A.2d 226 (2002).

"We do not scrutinize each individual comment in a vacuum, but rather we must review the comments complained of in the context of the entire trial. . . . It is in that context that the burden [falls] on the defendant to demonstrate that the remarks were so prejudicial that he was deprived of a fair trial and the entire proceedings were tainted." (Internal quotation marks omitted.) *State* v. *Holmes*, 64 Conn. App. 80, 90–91, 778 A.2d 253, cert. denied, 258 Conn. 911, 782 A.2d 1249 (2001).

In determining whether prosecutorial misconduct was so serious as to amount to a denial of due process, we consider several factors. "Included among those factors are the extent to which the misconduct was invited by defense conduct or argument . . . the severity of the misconduct . . . the frequency of the misconduct . . . the centrality of the misconduct to the critical issues in the case . . . the strength of the curative measures adopted . . . and the strength of the state's case." (Citations omitted; internal quotation marks omitted.) *State* v. *Whipper*, supra, 258 Conn. 262–63.

The defendant first finds issue with the prosecutor's statement that he would like the jury to throw the defendant's closing argument into the trash barrel.[12] It is clear from our review of the record that the prosecutor's comments were invited by defense counsel. In addition, we conclude that the prosecutor's remarks were not of the nature that would appeal to the emotions of the jury.

The other comments with which the defendant takes exception related to the prosecutor's request that the jury remember the testimony of the victims.[13] The prose-

[12] The prosecutor made the following remarks: "I don't know whether to thank or curse Judge Fracasse for taking that break right then because after [defense counsel's] closing argument, I've got to confess to you, I was hot, and while passion is a good thing in addressing a jury, sometimes we have to be careful just how passionate we become. . . . [Defense counsel] suggested to you that there might be something that I would like to have you do in terms of throwing something in that trash barrel. I've never said this before in a closing argument, but I would urge you to throw his closing argument into that trash barrel. . . . It's a shame that I wasn't at the same trial."

[13] The prosecutor made the following remarks: "I've got to confess to you that I had a concern today . . . that you may have forgotten what [the complainants] told you and their demeanor on the [witness] stand, and I say that because when I observed you, I felt that perhaps you were touched by what you saw and heard from those three girls. . . . I would ask you strenuously not to do so, and I would also ask you not to take their absence from this courtroom today as any indication that they are not concerned about the outcome of this matter."

cutor's comment that he believed that the jury was touched by their testimony may appeal to the emotions of the jury when taken in isolation. In the context of the entire trial, however, the remarks do not rise to the level of being so prejudicial that they deprived the defendant of a fair trial.

The judgments are affirmed.

In this opinion the other judges concurred.