## STATE OF CONNECTICUT *v.* ADRIAN KING
## (15118)

Peters, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued September 26—decision released October 24, 1995

---

*Marilyn B. Fagelson*, special public defender, for the appellant (defendant).

*Marjorie Allen Dauster*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, *James G. Clark*, assistant state's attorney, and *David J. Sheldon*, deputy assistant state's attorney, for the appellee (state).

PER CURIAM. In this criminal appeal, the certified issues concern the admissibility of identification evidence and the propriety of joining various unrelated criminal charges in a single trial. The defendant, Adrian King, appealed to the Appellate Court from his conviction, after a jury trial, of four counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4), one count of robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (4) and 53a-8, and one count of criminal possession of a firearm in violation of General Statutes § 53a-217.[1] The Appellate

---

[1] General Statutes § 53a-134 provides in relevant part: "Robbery in the first degree: Class B felony. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime . . . or of immediate flight therefrom, he or another participant in the crime . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . ."

Court affirmed the judgment of the trial court. *State* v. *King*, 35 Conn. App. 781, 794, 647 A.2d 25 (1994). We granted the defendant's petition for certification to appeal limited to two of the issues that he had raised in the Appellate Court.[2]

After examining the record on appeal, and after considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court must be affirmed. The Appellate Court carefully analyzed and rejected the defendant's claim that the trial court should have suppressed, on constitutional grounds, identifications made by three of the defendant's victims at his arraignment for unrelated crimes. The Appellate Court properly concluded that the identifications had not been impermissibly suggestive and that, even if they had been, they were reliable under the totality of the circum-

General Statutes § 53a-8 provides in relevant part: "Criminal liability for acts of another. . . . A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

General Statutes § 53a-217 provides: "Criminal possession of a firearm or electronic defense weapon: Class D felony. (a) A person is guilty of criminal possession of a firearm or electronic defense weapon when he possesses a firearm or electronic defense weapon and has been convicted of a capital felony, a class A felony, except a conviction under section 53a-196a, a class B felony, except a conviction under section 53a-86, 53a-122 or 53a-196b, a class C felony, except a conviction under section 53a-87, 53a-152 or 53a-153, or a class D felony under sections 53a-60 to 53a-60c, inclusive, 53a-72a, 53a-72b, 53a-95, 53a-103, 53a-103a, 53a-114, 53a-136 or 53a-216. For the purposes of this section, 'convicted' means having a judgment of conviction entered by a court of competent jurisdiction.

"(b) Criminal possession of a firearm or electronic defense weapon is a class D felony, for which two years of the sentence imposed may not be suspended or reduced by the court."

[2] We granted the defendant's petition for certification to appeal, limited to the following issues: "1. Under the circumstances of this case, was the Appellate Court correct in upholding the admissibility of the identification of the defendant at trial? 2. Did the Appellate Court correctly conclude that the trial court properly denied the defendant's motion to sever the cases?" *State* v. *King*, 231 Conn. 937, 650 A.2d 174 (1994).

stances. Id., 788–89. The Appellate Court, with similar care, analyzed and rejected the defendant's claim that he was unfairly prejudiced by the trial court's failure to sever the charges pending against him. The Appellate Court properly concluded that, in the factual circumstances revealed by the record in this case, the defendant had failed to establish that joinder had resulted in substantial injustice to him. Id., 793. In light of our agreement with the Appellate Court's thoughtful resolution of both issues,[3] it would serve no useful purpose for us to repeat the discussion contained in its comprehensive opinion. See *State* v. *Wieler*, 233 Conn. 552, 556, 660 A.2d 740 (1995); *State* v. *Robins*, 233 Conn. 527, 531, 660 A.2d 738 (1995); *State* v. *Rivera*, 228 Conn. 756, 758, 638 A.2d 34 (1994); *State* v. *Johnson*, 228 Conn. 59, 61, 634 A.2d 293 (1993).

The judgment of the Appellate Court is affirmed.

---

[3] With respect to the severance issue, the defendant argued in this court that the abundance of evidence implicating him in one of the robbery counts required severance of that count from the others. To the extent that the defendant now maintains that the trial court should have ordered a separate trial on only one of the charges against him, that contention is not properly before us, because it was not presented to the trial court. See *State* v. *Groomes*, 232 Conn. 455, 463–67, 656 A.2d 646 (1995).