STATE OF CONNECTICUT *v.* ROBERTO ARCENIEGA
(AC 21144)

Schaller, Mihalakos and Peters, Js.

Argued May 28—officially released October 29, 2002

*Matthew Costello,* for the appellant (defendant).

*Sarah E. Hanna,* certified legal intern, with whom were *James E. Thomas,* state's attorney, *Rita M. Shair,* senior assistant state's attorney, and, on the brief, *Victor Carlucci, Jr.,* senior assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Roberto Arceniega, appeals from the judgment of conviction, rendered after a jury trial, of conspiracy to possess narcotics in violation of General Statutes §§ 53a-48[1] and 21a-279 (a),[2]

---

[1] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[2] General Statutes § 21a-279 (a) provides in relevant part: "Any person who possesses or has under his control any quantity of any narcotic substance, except as authorized in this chapter, for a first offense, may be

conspiracy to sell narcotics in violation of General Stat-
ues §§ 53a-48 and 21a-278 (b)[3] and conspiracy to sell a
controlled substance within 1500 feet of a public school
in violation of General Statutes §§ 53a-48 and 21a-278a
(b).[4] On appeal, the defendant claims that the trial court
improperly (1) denied his motion for a judgment of
acquittal, which motion was based on a claim of insuffi-
ciency of the evidence, (2) denied his request to instruct
the jury on reasonable doubt (3) instructed the jury and
(4) granted the state's motion to consolidate four cases
against him for trial. We affirm the judgment of convic-
tion as to the merits of the defendant's claims, but
reverse the judgment as to the sentence that was
imposed and remand the case for resentencing.

The jury reasonably could have found the following
facts. In early 1998, detectives with the statewide nar-
cotics task force received from an anonymous infor-
mant the beeper number of an individual who the
informant said was selling heroin in Hartford. The indi-
vidual later was identified as Francisco Javier.[5] By call-
ing Javier's beeper number, undercover detectives from
the task force and the Hartford police department
arranged to meet Javier and to purchase heroin from

imprisoned . . . or . . . fined . . . or be both fined and imprisoned
. . . ."

[3] General Statutes § 21a-278 (b) provides in relevant part: "Any person
who . . . possesses with the intent to sell or dispense . . . to another
person any narcotic substance . . . shall be imprisoned not less than five
years nor more than twenty years . . . ."

[4] General Statutes § 21a-278a (b) provides in relevant part: "Any person
who violates section . . . 21a-278 by . . . possessing with the intent to sell
or dispense . . . any controlled substance in or on, or within one thousand
five hundred feet of, the real property comprising a public or private elemen-
tary or secondary school . . . shall be imprisoned for a term of three years,
which shall not be suspended and shall be in addition and consecutive to
any term of imprisonment imposed for violation of section 21a-277 or 21a-
278 . . . ."

[5] Javier also is known by a number of aliases, including Morenito, Brito
and Anibal Escobar.

him on four occasions. One of the undercover operations occurred on March 12, 1998. On that date, state police Detective David Diaz met Javier in the Hartford Symphony parking lot on Farmington Avenue. Javier agreed to sell Diaz 100 bags of heroin for $400. Javier informed Diaz that they would have to take a ride to meet the defendant, Javier's boss. Javier and Diaz then traveled to the La Caribena grocery store at 122 Hillside Avenue. The grocery store is within 1500 feet of the Cornelius A. Moylan school.

After arriving at the grocery store, Diaz and Javier waited for Javier's boss to arrive. Eventually, the defendant arrived driving a U-Haul truck. While Diaz watched from the sidewalk, Javier and the defendant entered the grocery store together. Through the window of the store, Diaz watched the defendant hand Javier a clear plastic bag. After exiting the store, Javier gave Diaz the plastic bag obtained from the defendant, and Diaz gave Javier $400. Diaz then saw Javier hand the defendant the $400, after which Javier and the defendant entered the U-Haul truck together and drove away. After Diaz left the area, he met an undercover detective at a prearranged location where the detective performed a drug test on the contents of the plastic bag. The contents of the plastic bag tested positive as heroin. On April 21, 1998, the police arranged another drug purchase from Javier. Javier was arrested and gave a statement that led to the defendant's arrest.

On March 20, 2000, the state charged the defendant, by substitute information, as follows: Count one, conspiracy to possess heroin in violation of §§ 53a-48 and 21a-279 (a); count two, conspiracy to sell heroin in violation of §§ 53a-48 and 21a-278 (b); and count three, conspiracy to sell heroin within 1500 feet of a public school in violation of §§ 53a-48 and 21a-278a (b).

In addition to the charges arising from the March 12, 1998 sale, the defendant was charged in three other

informations with additional counts of conspiracy to possess narcotics, conspiracy to sell narcotics and conspiracy to sell a controlled substance within 1500 feet of a school. The additional informations related to three other occasions when the defendant allegedly was involved in selling heroin to an undercover officer. Prior to trial, the state filed a motion to consolidate the four informations pursuant to General Statutes § 54-57[6] and Practice Book § 41-19.[7] The court granted the motion to consolidate, and the charges contained in the four informations were tried together.

The jury convicted the defendant on the three charges arising from the March 12, 1998 incident and acquitted him on all charges contained in the other three informations. The defendant filed a motion for a judgment of acquittal, which the court denied. The court sentenced the defendant to a term of five years imprisonment on count one; six years on count two, five years of which are mandatory; and three years, mandatory, on count three. The court also ordered that the sentences on counts two and three run consecutively to one another, but concurrently with the sentence on count one, for a total effective sentence of nine years. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly denied his motion for a judgment of acquittal, which motion was based on a claim of insufficiency of the evidence. We disagree.

---

[6] General Statutes § 54-57 provides: "Whenever two or more cases are pending at the same time against the same party in the same court for offenses of the same character, counts for such offenses may be joined in one information unless the court orders otherwise."

[7] Practice Book § 41-19 provides: "The judicial authority may, upon its own motion or the motion of any party, order that two or more informations, whether against the same defendant or different defendants, be tried together."

The following additional facts are relevant to the defendant's claim. At trial, Diaz testified that during the transaction at the La Caribena grocery store, he saw the defendant hand Javier the plastic bag containing the heroin. Javier, however, testified that he retrieved the heroin himself after the defendant told him that the heroin was in the U-Haul truck. The defendant argues that this inconsistency should have cast doubt on the credibility of Javier's entire testimony.

"The standard of appellate review of a denial of a motion for a judgment of acquittal [challenging the sufficiency of the evidence] has been settled by judicial decision. . . . The issue to be determined is whether the jury could have reasonably concluded, from the facts established and the reasonable inferences which could be drawn from those facts, that the cumulative effect was to establish guilt beyond a reasonable doubt. . . . The facts and the reasonable inferences stemming from the facts must be given a construction most favorable to sustaining the jury's verdict." (Citations omitted; internal quotation marks omitted.) *State* v. *Williams*, 59 Conn. App. 771, 776–77, 758 A.2d 400 (2000), rev'd on other grounds, 258 Conn. 1, 778 A.2d 186 (2001).

"[T]he inquiry into whether the record evidence would support a finding of guilt beyond a reasonable doubt does not require a court to ask itself whether it believes that the evidence . . . established guilt beyond a reasonable doubt. . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . We do not sit as a [seventh] juror who may cast a vote against the verdict based upon our feeling that some doubt of guilt is shown by the cold printed record." (Internal quotation marks omitted.) *State* v. *Davis*, 68 Conn. App. 794, 798, 793 A.2d 1151, cert. denied, 260 Conn. 920, 797

A.2d 518 (2002). "It is uniquely the province of the trier of fact, in this case the jury, to determine the import of the evidence by gauging the credibility of the witnesses. . . . The fact that certain testimony is uncorroborated, or even contradicted, does not make it insufficient to support a verdict if the testimony is believed by the trier." (Citations omitted; internal quotation marks omitted.) *State* v. *Jones*, 234 Conn. 324, 332–33, 662 A.2d 1199 (1995).

The defendant would have us conclude that there was insufficient evidence to support a finding of guilt beyond a reasonable doubt because the conflicting testimony adduced at trial as to how he came to possess the heroin showed that Javier's testimony lacked credibility. The credibility of Javier and the other witnesses, however, was a question solely for the jury. Therefore, the defendant's specific challenge to the sufficiency of the evidence must fail as long as the jury reasonably could have concluded as it did. Construing the evidence in the light most favorable to sustaining the verdict, as we must, we conclude that the jury reasonably could have concluded that the cumulative force of the evidence established guilt of the crimes with which the defendant was charged beyond a reasonable doubt. Accordingly, we cannot conclude that the court improperly denied the defendant's motion for a judgment of acquittal.

II

The defendant next claims that the court improperly denied his request to instruct the jury on reasonable doubt, thereby denying him his right to due process. Specifically, the defendant argues that by substituting its own instruction for the requested instruction, the court denied the jury the opportunity to consider a more expansive explanation of reasonable doubt, which resulted in prejudice. We are not persuaded.

The following facts are necessary for the resolution of the defendant's claim. Prior to trial, the defendant by written motion requested that the court charge the jury on reasonable doubt according to his proposed instructions.[8] The court instructed the jury on reasonable doubt, but did not instruct the jury exactly as the defendant requested and instead issued a different instruction on reasonable doubt.[9] Following the court's

[8] The defendant's requested charge states: "The state has the burden of proving guilt beyond a reasonable doubt. The law presumes a defendant to be innocent of a crime. Thus, a defendant, although accused, begins the trial with a 'clean slate'—with no evidence against him. So, the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of the evidence in this case.

"This means that the state must prove every element of each crime charged. It is not enough for the state to prove only certain of those elements because if proof of even one element is lacking, you must find the accused not guilty. What the law does require is that after hearing all the evidence, if there is something in that evidence or lack of evidence which leaves in the minds of the jury, as reasonable men and women, reasonable doubt about the guilt of the accused, then the accused must be given the benefit of that doubt and acquitted. Reasonable doubt is that kind of doubt which makes a reasonable person hesitant to act. Proof beyond a reasonable doubt is proof which precludes every reasonable hypothesis except guilt, is consistent with guilt and is inconsistent with any other reasonable conclusion. If you can, in reason, reconcile all of the facts proved with any reasonable theory consistent with the innocence of the accused, then you cannot find him guilty. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.

"There are few things in this world that we know with absolute certainty, and, in criminal cases, the law does not require proof that overcomes every possible doubt. I wish to impress upon each of you, however, that before you may reach any verdict of guilty, each of you must reach a subjective state of near certainty of the defendant's guilt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you are not firmly convinced that he is guilty, you must give him the benefit of the doubt and find him not guilty."

[9] The court instructed the jury on reasonable doubt in relevant part as follows: "In this case, as in all criminal prosecutions, the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt. This presumption of innocence was with this defendant when he was first presented for trial in this case.

instructions to the jury, the defendant objected to the court's refusal to instruct as requested.

We first set out the standard of review pertinent to the defendant's claim. "[A] request to charge which is relevant to the issues of [a] case and which is an accurate statement of the law must be given. . . . A refusal to charge in the exact words of a request will not constitute error if the requested charge is given in substance." (Internal quotation marks omitted.) *State* v. *Whipper*, 258 Conn. 229, 283, 780 A.2d 53 (2001). A jury instruction is constitutionally adequate if it provides the jurors with

"And it continues with him throughout this trial, unless and until such time as all of the evidence produced here in the orderly conduct of the trial, considered in light of these instructions of law and deliberated upon by you in the jury room satisfies you beyond a reasonable doubt that he is guilty.

"The burden to prove the defendant guilty of a crime for which he is charged is upon the state. The defendant does not have to prove his innocence. This means that the state must prove beyond a reasonable doubt each and every element necessary to constitute the crimes charged. Whether the burden of proof resting upon the state is sustained depends not on the number of witnesses nor the quantity of the testimony, but on the nature and the quality of the testimony. . . .

"The meaning of reasonable doubt can be arrived at by emphasizing the word 'reasonable.' It is not a surmise, a guess or mere conjecture. It is not a doubt suggested by counsel which is not warranted by the evidence. It is such a doubt as in the serious affairs that concern you, you would heed; that is, such a doubt that would cause reasonable men and women to hesitate to act upon it in matters of importance. It is not hesitation springing from any feelings of pity or sympathy for the accused or any other person who might be affected by your decision. It is, in other words, a real doubt, an honest doubt, a doubt that has its foundation in the evidence or lack of evidence. It's a doubt that is honestly entertained and is reasonable in light of the evidence after a fair comparison and careful examination of the entire evidence. Proof beyond a reasonable doubt does not mean proof beyond all doubt.

"The law does not require absolute certainty on the part of the jury before it returns a verdict of guilty. The law requires that after hearing all of the evidence, if there is something in the evidence or lack of evidence that leaves in the minds of the jurors, as reasonable men and women, reasonable doubt as to the guilt of the accused, then the accused must be given the benefit of the doubt and be acquitted. Proof beyond a reasonable doubt is proof that precludes every reasonable hypothesis except guilt and is inconsistent with any other rational conclusion."

a clear understanding of the state's burden to prove the elements of the crimes charged beyond a reasonable doubt and affords them proper guidance for their determination of whether the state met its burden. Id. "The test to be applied to any part of a charge is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result." (Internal quotation marks omitted.) Id.

Upon careful review of the court's charge, we conclude that the court gave the requested charge in substance. Moreover, we conclude that the charge given was correct in law and sufficient to guide the jury in its consideration of the issues raised in this case. Indeed, this court and our Supreme Court have rejected challenges to essentially the same language as that challenged by the defendant. See *State* v. *Rodriguez*, 63 Conn. App. 529, 532, 777 A.2d 704, cert. denied, 256 Conn. 936, 776 A.2d 1151 (2001), citing *State* v. *Montgomery*, 254 Conn. 694, 729–31, 759 A.2d 995 (2000). In sum, we conclude that the court's instruction provided the jury with a clear understanding of reasonable doubt and afforded it proper guidance in deciding whether the state had proved the elements of the crimes charged beyond a reasonable doubt.[10] See *State* v. *Whipper*, supra, 258 Conn. 285–86.

## III

The defendant next claims that the court improperly instructed the jury. Specifically, the defendant argues

---

[10] The defendant also argues that the court improperly criticized his instruction when it stated that reasonable doubt "is not a doubt suggested by counsel which is not warranted by the evidence." The defendant asserts that this criticism was directed toward his argument that the evidence did not support a finding of guilt. That argument is without merit. First, to the extent that the defendant argues that the language in question was directed specifically at either counsel, we disagree. Further, we note that our Supreme Court unequivocally has held the same or similar language is not defective. See *State* v. *Montgomery*, supra, 254 Conn. 731 n.41.

that the court diluted the state's burden by reiterating the elements of the conspiracy charges for each of the three separate underlying offenses without restating the law as to the presumption of innocence, the burden of proof and reasonable doubt, thereby prejudicing the defendant. We disagree.

The following additional facts are relevant to our disposition of the defendant's claim. The defendant was charged with eleven counts of conspiracy under three separate underlying offenses. The court charged the jury on conspiracy three times, once for each underlying offense. The defendant objected, arguing that "in terms of totality and the balance of the charge, we have got a tremendous amount of weight on conspiracy." On appeal, the defendant argues that those instructions diluted the state's burden of proof and denied him his right to due process of law.

"To determine whether the court's instructions were improper, we review the entire charge to determine if, taken as a whole, the charge adequately guided the jury to a correct verdict. . . . The pertinent test is whether the charge, read in its entirety, fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . [I]n appeals involving a constitutional question, [the standard is] whether it is reasonably possible that the jury [was] misled." (Citations omitted; internal quotation marks omitted.) State v. Figueroa, 235 Conn. 145, 170–71, 665 A.2d 63 (1995).

As stated in part II, the court instructed the jury on the presumption of innocence and the state's burden to prove the elements of the crimes charged beyond a reasonable doubt. The defendant cites no law in support of the argument that a court must restate its charge on the presumption of innocence and the state's burden of proof with the instructions on the elements of each

separate crime. Furthermore, as the state notes correctly, the court, during the charge on the various crimes of conspiracy, made numerous references to the state's burden to prove the elements of the crimes charged beyond a reasonable doubt.[11] We cannot conclude that the court's instructions to the jury diluted the state's burden.

Viewing the charge in its entirety, we conclude that the charge was not improper; it is not reasonably possible that the jury was misled by the instructions. Accordingly, the court's instruction did not deprive the defendant of his right to due process.

## IV

The defendant claims that the court improperly granted the state's motion to consolidate the four separate cases against him for trial. Specifically, the defendant argues that the consolidation prejudiced him because the four cases were factually too similar to be easily distinguished by the jury. We are not persuaded.

We recently addressed this issue in *State* v. *David P.*, 70 Conn. App. 462, 800 A.2d 541 (2002). "In Connecticut, there is a presumption in favor of consolidation of appropriate cases. . . . The grant or denial of a motion for severance rests in the sound discretion of the trial judge. . . . The trial court has discretion to determine whether separate cases involving the same defendant should be consolidated . . . and the exercise of that discretion may not be disturbed on appeal unless it has been manifestly abused. . . . To demonstrate that the trial court abused its discretion, the defendant bears the

---

[11] For example, with respect to the court's summary of its instructions to the jury on the crimes of conspiracy to possess a narcotic substance, conspiracy to sell a narcotic substance and conspiracy to sell a controlled substance within 1500 feet of a school, the court stated: "[F]or you to convict the defendant on this count . . . you must be satisfied beyond a reasonable doubt that the following [elements] have been proven . . . ."

heavy burden of convincing this court that the joinder resulted in substantial injustice. . . . Whether a joint trial will be substantially prejudicial to the defendant's rights means something more than that it will be less advantageous to [him]. . . .

"Our Supreme Court has set forth a multifaceted approach for our courts to apply when considering whether to consolidate multiple cases against the same defendant. [S]everance may be necessary to prevent undue prejudice resulting from the consolidation of two or more charges for trial when: (1) the cases do not involve discrete, easily distinguishable factual scenarios; (2) one or more of the counts alleges brutal or shocking conduct by the accused; or (3) the trial is one of long duration or very complex. *State* v. *Chance*, [236 Conn. 31, 42, 671 A.2d 323 (1996)]; see also *State* v. *Boscarino*, 204 Conn. 714, 722–24, 529 A.2d 1260 (1987) . . . . If any or all of these factors are present, a reviewing court must decide whether the trial court's jury instructions cured any prejudice that might have occurred from improper joinder." (Citations omitted; internal quotation marks omitted.) *State* v. *David P.*, supra, 70 Conn. App. 467–68.

Applying those factors, we conclude that the court did not prejudice the defendant by consolidating the cases against him. First, we conclude that the facts were discrete and easily distinguishable. See *State* v. *Banks*, 59 Conn. App. 112, 123, 755 A.2d 951, cert. denied, 254 Conn. 950, 762 A.2d 904 (2000). Although each of the four transactions giving rise to the conspiracy charges involved similar factual scenarios, including the same participants, the transactions took place in different places at different times. Moreover, the evidence on each of the charges was presented in an orderly fashion.

A brief review of the remaining factors further supports the court's proper exercise of its discretion in

consolidating the cases. With respect to the length and complexity of the trial, we note that the entire trial lasted eight days with only thirteen witnesses. Cf. *State* v. *Boscarino*, supra, 204 Conn. 723–24 (duration, complexity of trial enhanced likelihood jury would weigh evidence against defendant cumulatively where trial lasted ten weeks, with fifty-five witnesses, sixty-six exhibits). Further, none of the various crimes of conspiracy with which the defendant was charged were of a brutal or shocking nature, nor did the defendant argue that they should be so characterized. See, e.g., *State* v. *Rivera*, 52 Conn. App. 503, 512, 728 A.2d 518 (no allegation of brutal, shocking conduct on part of defendant in alleged involvement in four armed robberies), cert. denied, 249 Conn. 906, 733 A.2d 226 (1999).

In sum, having considered all of the factors set forth in *State* v. *Chance*, supra, 236 Conn. 42, we conclude that the defendant was not prejudiced by the consolidation of the four cases for trial. Accordingly, we conclude that the court properly exercised its discretion in consolidating the four cases.

V

Finally, the parties agreed at oral argument before this court that the imposition of three sentences for the three conspiracy convictions violates the prohibition against double jeopardy. That issue was not raised at trial, nor was it included in the parties' briefs submitted to this court. We nevertheless address the matter because of the parties' agreement and because "double jeopardy claims arising in the context of a single trial . . . raised for the first time on appeal . . . are reviewable . . . ." *State* v. *Chicano*, 216 Conn. 699, 705, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991); see also *State* v. *Liebowitz*, 65 Conn. App. 788, 791 n.1, 783 A.2d 1108, cert. denied, 259 Conn. 901, 789 A.2d 992 (2001).

"The double jeopardy clause of the fifth amendment to the United States constitution provides: '[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . .' The double jeopardy clause is applicable to the states through the due process clause of the fourteenth amendment. . . . Although the Connecticut constitution has no specific double jeopardy provision, we have held that the due process guarantees of article first, § 9, include protection against double jeopardy. . . . We have recognized that the Double Jeopardy Clause consists of several protections: It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. . . . These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." (Citations omitted; internal quotation marks omitted.) *State* v. *Miranda*, 260 Conn. 93, 118–19, 794 A.2d 506, cert. denied, 537 U.S. 902, 123 S. Ct. 224, 154 L. Ed. 2d 175 (2002).

"Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one. . . . The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute . . . . For such a violation, only the single penalty prescribed by the statute can be imposed." (Internal quotation marks omitted.) *State* v. *Ortiz*, 252 Conn. 533, 559, 747 A.2d 487 (2000). The appropriate remedy under the circumstances is to remand the case to the trial court with direction to merge the conviction on the three conspiracy offenses and to vacate the sentences for two of them. See *State* v. *Howard*, 221 Conn. 447, 463, 604 A.2d 1294 (1992);

*State* v. *Vasquez*, 66 Conn. App. 118, 127, 783 A.2d 1183, cert. denied, 258 Conn. 941, 786 A.2d 428 (2001).

The judgment is reversed only as to the sentence and the case is remanded with direction to merge the convictions on each of the three offenses of which the defendant was convicted and to resentence the defendant on one count of conspiracy. In all other respects the judgment is affirmed.

In this opinion the other judges concurred.