STATE OF CONNECTICUT *v.* ROBERTO ARCENIEGA
(AC 24631)

Foti, Bishop and DiPentima, Js.

Argued May 24—officially released August 3, 2004

*Matthew J. Costello*, for the appellant (defendant).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Victor Carlucci, Jr.*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. In 2000, the defendant was convicted, following a jury trial, of conspiracy to possess narcotics in violation of General Statutes §§ 53a-48 and 21a-279 (a), conspiracy to sell narcotics in violation of General Statutes §§ 53a-48 and 21a-278 (b), and conspiracy to sell a controlled substance within 1500 feet of a public school in violation of General Statutes §§ 53a-48 and 21a-278a (b). The trial court sentenced the defendant to a five year term of imprisonment for conspiracy to possess narcotics, a six year term of imprisonment for conspiracy to sell narcotics and a three year term of imprisonment for conspiracy to sell a controlled substance within 1500 feet of a public school. The court ordered that the sentences on the latter two counts run consecutively with one another and concurrently with the five year sentence for conspiracy to possess narcotics, thereby imposing a total effective sentence of nine years imprisonment.

Thereafter, the defendant appealed to this court from the judgment of conviction. This court determined that the court improperly imposed three separate sentences against the defendant for the three separate conspiracy convictions, thereby violating the constitutional prohibition against double jeopardy. *State* v. *Arceniega*, 73 Conn. App. 288, 301–303, 807 A.2d 1028 (2002). This court reversed the judgment only with regard to the sentence imposed and remanded the case to the trial

court with direction "to merge the convictions on each of the three offenses of which the defendant was convicted and to resentence the defendant on one count of conspiracy." Id., 303.

On remand, the court vacated its original sentence. The court sentenced the defendant to a nine year term of imprisonment for conspiracy to sell narcotics and imposed a sentence of unconditional discharge with regard to the two remaining counts.

The defendant now appeals from the imposition of the new sentence, arguing that "the trial court effectively resentenced [him] on the two counts, conspiracy to sell and conspiracy to sell within 1500 feet of a school." The defendant implicitly argues that the resentencing court was limited in its sentencing discretion with regard to each count by the sentences imposed for each count in the original sentence. According to the defendant, because the court's new sentence for the single conviction for conspiracy to sell narcotics exceeds the six year sentence for that conviction as part of the original sentencing package, the new sentence penalizes him for more than one conviction of conspiracy. The defendant posits that once this court remanded the matter for resentencing, the "worst" sentence that the court could have imposed was a six year sentence for conspiracy to sell narcotics.

The defendant's claim is without merit. The court vacated its previous sentence. The court unconditionally discharged the defendant with regard to two of the three conspiracy counts and imposed a sentence for the remaining conspiracy count, conspiracy to sell narcotics. The sentence, explicitly imposed for a single conspiracy conviction, satisfies this court's order on remand and does not violate the prohibition against double jeopardy.

The defendant's interpretation of the court's sentence is flawed. In cases such as the present case, in which a sentence following a multicount conviction is deemed illegal or in which the sentence on one or more counts in a multicount conviction is vacated, the resentencing court is limited in imposing a new sentence, one that falls within constitutional and statutory limits, "by its original sentencing intent as expressed by the *original total effective sentence* . . . ." (Emphasis added.) *State* v. *Raucci*, 21 Conn. App. 557, 563, 575 A.2d 234, cert. denied, 215 Conn. 817, 576 A.2d 546 (1990). The court may impose a sentence that conforms to its "original intent" concerning an appropriate sentence, provided that a revised sentence may not exceed the original sentence. Id. In applying those principles, "the total effective sentence as originally imposed is the backdrop that must be kept in mind, not the individual sentences comprising the total term." Id., 564.

Accordingly, in ensuring that "the punishment fits both the crime and the defendant"; *State* v. *Miranda*, 260 Conn. 93, 130, 794 A.2d 506, cert. denied, 537 U.S. 902, 123 S. Ct. 224, 154 L. Ed. 2d 175 (2002); the court was free to exercise its sentencing discretion by imposing the nine year sentence that it did. The defendant has not suffered any detriment as a result of the revised sentence for the single conspiracy conviction.

The judgment is affirmed.